United States District Court
Southern District of Texas
**ENTERED**
November 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE P. JEFFERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JP MORGAN CHASE BANK, NATIONAL | § | CIVIL ACTION NO. H-16-3035 |
| ASSOCIATION, Servicer; | § | |
| JP MORGAN CHASE BANK NATIONAL | § | |
| ASSOCIATION, Mortgagee; and | § | |
| PATRICIA POSTON, Substitute | § | |
| Trustee, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant JP Morgan Chase Bank, N.A.'s ("JPMC") Motion to Dismiss Plaintiff's Complaint and Brief in Support ("JPMC's Motion to Dismiss") (Docket Entry No. 4). Although the motion was filed on October 21, 2016, Plaintiff, Monique P. Jeffers, has not responded to it. For the reasons explained below, JPMC's Motion to Dismiss will be granted if Plaintiff fails to amend within the allotted time.

### I. Factual and Procedural Background

Jeffers alleges the following facts in her Verified Original Petition, Application for Temporary Restraining Order and Injunctive Relief.[1] On June 1, 2016, a storm damaged Plaintiff's

---

[1] Exhibit A-3 to Defendant JPMorgan Chase Bank, N.A.'s Notice of Removal ("JPMC's Notice of Removal"), Docket Entry No. 1-1, pp. 10-12, ¶¶ 5-15.

home located at 1414 Laura Hills Lane, Spring, Texas 77386 (the "Property"). On June 11, 2016, the Federal Emergency Management Agency ("FEMA") declared several counties in Texas, including the county in which the Property is located, a major disaster area.

On or about June 12, 2016, Plaintiff received a letter from JPMC expressing an intent to foreclose on the Property. The letter alleged an amount due in arrears of $7,169.39. On or about July 20, 2016, Plaintiff received a letter dated July 16, 2016, from defendant Patricia Poston regarding the referral of Plaintiff's mortgage to foreclosure.

On August 1, 2016, FEMA extended the time during which individuals in the affected areas could apply for disaster assistance through Wednesday, August 10, 2016. On or about August 3, 2016, Plaintiff received a letter from Poston dated July 27, 2016, accelerating the full debt in the amount of $185,741.20 and notifying Plaintiff of the foreclosure sale scheduled to take place on October 4, 2016.

On October 3, 2016, Plaintiff filed this action in state court against defendants JPMC and Poston (collectively "Defendants"), seeking a temporary restraining order and injunctive relief to prevent imminent foreclosure. Plaintiff was granted a temporary restraining order enjoining Defendants from proceeding with foreclosure.[2] JPMC timely removed the action to this court on the

---

[2]Exhibit A-8 to JPMC's Notice of Removal, Docket Entry No. 1-1, pp. 78-79.

basis of diversity jurisdiction and now seeks dismissal on the grounds that Plaintiff has failed to plead a legally cognizable claim.

## II.  Standard of Review

### A.  Subject-matter Jurisdiction

"[W]hen the issue is not raised by one of the parties, a district court is required, on its own accord, to inquire into and determine whether federal question or diversity of citizenship jurisdiction exists over a removed case." § 3739 Remand, 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed.) (citing cases). Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. See Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). If jurisdiction is based on diversity, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). Federal courts generally base decisions about subject-matter jurisdiction after removal on the plaintiffs' allegations as they existed at the time that the defendant removed the action. Kidd v. Southwest Airlines,

-3-

Co., 891 F.2d 540, 546 (5th Cir. 1990). Doubts about the propriety of removal are to be resolved in favor of remand. Id. Thus, the removing party bears the burden of showing that the court has jurisdiction by a preponderance of the evidence. Id.

**B.   Rule 12(b)(6)**

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are

required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

### III. Analysis

#### A. Diversity Jurisdiction

##### 1. Amount in Controversy

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993), cert. denied, 116 S. Ct. 180 (1995). The Fifth Circuit has set forth two ways to satisfy this burden.

> First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." . . . If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount."

Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 639 (5th Cir. 2003) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State

-5-

Apple Advertising Comm'n, 97 S. Ct. 2434, 2443 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." Waller v. Professional Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). A common method of establishing the value of real property is to look to a county appraisal district's assessment. Statin v. Deutsche Bank Nat. Trust Co., 599 F. App'x 545, 546-47 (5th Cir. 2014). Reasonable bases for valuing properties include "purchase price, market value, or outstanding principal and interest." Farkas v. GMAC Mortgage, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013). This court considers market value to be the preferred method. See, e.g., Govea v. JPMorgan Chase Bank, N.A., Civil Action No. H-10-3482, 2010 WL 5140064, at *2-4 (S.D. Tex. Dec. 10, 2010).

JPMC has attached to its Notice of Removal an assessment from the Montgomery County Central Appraisal District showing the assessed value of the property to be $263,070.[3] Plaintiff has offered no response. JPMC has therefore met its burden to show by a preponderance of the evidence that the amount-in-controversy requirement is met.

2. Complete Diversity

The removing party also bears the burden of proving that the parties are completely diverse. Federal courts have jurisdiction

---

[3] See Exhibit B to JPMC's Notice of Removal, Docket Entry No. 1-2.

over controversies between "Citizens of different States" by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Savings Ass'n v. Lee, 100 S. Ct. 1779, 1782 (1980) (citations omitted).

Plaintiff and defendant Poston are both citizens of Texas. JPMC argues that Poston has been improperly joined and should be dismissed from the action.

Improper joinder is established by showing: "(1) actual fraud in pleading jurisdictional facts; or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse defendant." Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Guillory v. PPG Industries, Inc., 434 F.3d 303, 309 (5th Cir. 2005) (citing Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

The Rule 12(b)(6) analysis applies equally to all named defendants. For the reasons explained in Section III.B., the court has concluded that Plaintiff has failed to state a claim against the in-state defendant, Poston. JPMC has therefore shown by a preponderance of the evidence that the remaining parties are

completely diverse and that the court has subject-matter jurisdiction.

## B.  Alleged Violation of HUD Regulations

Plaintiff argues that Defendants are prohibited from foreclosing on the property by a moratorium set forth in the U.S. Department of Housing and Urban Development's ("HUD") Handbook 4330.1 REV-5, titled "Administration of Insured Home Mortgages" (the "Handbook"). JPMC notes that courts have found no private right of action for the failure to comply with HUD regulations. See Wingfield v. Carrington Mortgage Services, LLC, 4:15-CV-453-A, 2015 WL 4886462, at *2 (N.D. Tex. Aug. 13, 2015); Holloway v. Wells Fargo Bank, N.A., 3:12-CV-2184-G (BH), 2013 WL 1187156, at *18 (N.D. Tex. Feb. 26, 2013), report and recommendation adopted, 3:12-CV-2184-G (BH), 2013 WL 1189215 (N.D. Tex. March 22, 2013). Plaintiff cites no basis for her claim other than the Handbook itself, which does not grant such a right. Plaintiff has therefore failed to state a legally cognizable claim.

## C.  Claim for Declaratory Relief

Plaintiff seeks relief under the Texas Uniform Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice and Remedies Code. Chapter 37 is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court. Utica Lloyd's of Texas v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). A request for declaratory judgment under state law is thus

considered as a claim under the federal Declaratory Judgment Act. See 28 U.S.C. § 2201. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)). When, as is the case here, Plaintiff's underlying claim fails, her request for declaratory relief has no merit. Wheeler v. U.S. Bank National Ass'n, Civil Action No. H-14-0874, 2016 WL 554846, at *8 n.53 (S.D. Tex. Feb. 10, 2016).

### D.   Claim for Injunctive Relief

Plaintiff seeks injunctive relief prohibiting Defendants from foreclosing on the Property. Under Texas law "[t]o obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993). Plaintiff's claim is based on an invalid legal theory. Accordingly, Plaintiff is not entitled to injunctive relief.

### IV.   Conclusions and Order

For the reasons explained above, the court concludes that Plaintiff has failed to plead a legally cognizable cause of action.

Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 4) is therefore **GRANTED**. Although Plaintiff failed to respond to JPMC's Motion to Dismiss, because Plaintiff is appearing pro se and because this action was removed from state court, the court will provide Plaintiff with an additional twenty days to file a complaint stating a claim against JP Morgan Chase Bank, N.A.  If Plaintiff fails to do so, the case will be dismissed for want of prosecution.

**SIGNED** at Houston, Texas, on this 22nd day of November, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE